UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA YOKE,<br><br>                 Plaintiff,<br>v.<br>MARK VUOZZO, et al.,<br><br>                 Defendants. | Case No.: 18-cv-1485-JLS (BLM)<br><br>**ORDER REMANDING CASE** |

On June 28, 2018, pro se Defendants Mark Vuozzo and Oksana G. Vuozzo filed a Notice of Removal, removing Plaintiff's state court complaint to this Court. (ECF No. 1.) The next day, the Court issued an order to show cause why removal was proper. (ECF No. 5.) The Court found the Notice of Removal lacking in many ways, namely, there does not appear to be subject matter jurisdiction over the case, the case appeared to be improperly removed by local Defendants, and it was unclear if the removal was timely. The Court ordered Defendants to respond to the order to show cause on or before July 20, 2018. Defendants have not responded. Without any response from Defendants, the Court finds it does not have subject matter jurisdiction over this case. Under § 1447(c), the district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The Court therefore **REMANDS** this case to state court.

Plaintiff filed a motion to remand after the Court issued the order to show cause. (ECF No. 6.) The Court addresses this motion because Plaintiff included specific requests beyond remand. Plaintiff requests the Court include an order precluding Defendants from filing additional removals. (*Id.* at 8.) There is no evidence of any previous improper removals, so the Court **DENIES** this request. But, the Court notes that "absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11." *Fed. Home Loan Mortg. Corp. v. Pulido*, No. C 12-04525 LB, 2012 WL 5199441, at *2 (N.D. Cal. Oct. 20, 2012); *see Wells Fargo Bank NA v. Zimmerman*, No. 2:15-cv-08268-CAS-MRWx, 2015 WL 6948576, at *3 (C.D. Cal. Nov. 10, 2015) ("Multiple removals could encounter problems—could even lead to sanctions—if nothing of significance changes between the first and second tries." (citing *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999))).

Plaintiff also requests the Court award her the attorney's fees and costs incurred for responding to the removal. (ECF No. 6, at 8.) The Court declines to do so. It was unnecessary for Plaintiff to file a motion to remand given that upon receipt of the Complaint, the Court immediately issued an order to show cause why removal was proper. The Court recognized the insufficient detail in the Notice of Removal and issued an order to show cause for the purpose of limiting any avoidable work by Plaintiff. The Court therefore **DENIES** the request for attorney's fees and costs. *See Esparza v. New Centry Mortg. Corp.*, No. 11-CV-1622-IEG JMA, 2011 WL 4499117, at *2 (S.D. Cal. Sept. 26, 2011) (denying request for attorney's fees for an improper removal given the defendant's pro se status); *see also Deutsche Bank Trust Co. Ams. v. Bradford*, No. C 12-01077 RS, 2012 WL 3069155, at *1 (N.D. Cal. July 26, 2012) (finding same and collecting cases).

/ / /

/ / /

/ / /

The remainder of the motion to remand as well as Defendants' pending motion to proceed *in forma pauperis*, (ECF No. 4), are **DENIED AS MOOT**. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: July 24, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge